IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORISSA SCHWARTZ,** | |
| Petitioner, | |
| v. | Case No. 25-CV-00860-SPM |
| **T. LILLARD,** Warden, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Corissa Schwartz is a federal inmate presently housed at Federal Correctional Institution Greenville ("FCI Greenville") in Illinois. She filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 1(b) of the same provides this Court with the authority to apply these Rules to other habeas corpus cases. *See id.* For the reasons set forth below, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner Schwartz was charged on November 28, 2018, in the U.S. District Court for the Northern District of Iowa with one Count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1) and two Counts of Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Counts 2 and 3, respectively). *See United States*

*v. Schwartz*, No. 5:18-cr-04087-KEM-1 (Doc. 3). On October 1, 2019, Chief Judge Leonard T. Strand accepted Schwartz's plea of guilty to Count 1 of the Indictment. *See id.* (Doc. 68). On January 9, 2020, Counts 2 and 3 against Schwartz were dismissed, and Chief Judge Strand imposed a sentence of 122 months on Count 1 of the Indictment, followed by a term of 5 years of Supervised Release, and a special assessment of $100. (*See* Doc. 1, p. 1); *United States v. Schwartz*, Case No. 5:18-cr-04087-KEM-1 (Doc. 79). Schwartz filed the instant Petition for Writ of Habeas Corpus on May 5, 2025. (Doc. 1).

## APPLICABLE LEGAL STANDARDS

A petitioner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335).

Before seeking relief in federal court, a prisoner is required to exhaust their administrative remedies. *Beam v. Sproul*, No. 3:24-CV-02255-GCS, 2025 WL 1359903, at *1 (S.D. Ill. Apr. 10, 2025) (citing *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992). Complete exhaustion of administrative remedies is required, even if the

appeals process results in the denial of the requested relief. *Id.* (citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989). Where a petitioner complains that errors have been made with respect to the BOP's policies and calculations, the BOP must first be given the opportunity to correct any such error. *Id.* (citing *Ramirez v. Zuercher*, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008).

To properly exhaust their administrative remedies, a petitioner must first file an informal complaint with the institution staff. *Garcia v. Emmerich*, No. 25-CV-323-WMC, 2025 WL 1859156, at *1 (W.D. Wis. June 18, 2025) (citing 28 C.F.R. § 542.13(a)). If the complaint is not resolved informally, petitioner must next file an administrative remedy request on a BP-9 form at the institution where they are incarcerated. *Id.* (citing 28 C.F.R. § 542.14(a)). If petitioner is not satisfied with the warden's response to the BP-9 form complaint, they may appeal to the Regional Director on a BP-10 form within 20 days. *Id.* (citing 28 C.F.R. § 542.15(a)). If unsatisfied with the Regional Director's response to the BP-10 form, petitioner may appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id.* (citing 28 C.F.R. § 542.15(a)). To reiterate, complete exhaustion of remedies is required. *Id.*; *see Beam*, 2025 WL 1359903, at *1.

## ANALYSIS

In her Petition, Schwartz argues that, pursuant to the First Step Act, her First Step Act Time Credits ("FTCs") are not properly applied to her sentence. (*See* Doc. 1, p. 3−7). Schwartz argues that she is being deprived of her right to Due Process under the Fifth Amendment to the U.S. Constitution and the Procedures for

Implementation of the Act according to Program Statement 5410.01 because she is deprived of accurate data regarding her FTCs. (*See id.*, p. 6). She further argues that the withholding of application of her FTCs to her sentence constitutes Cruel and Unusual Punishment in accordance with the Eighth Amendment to the U.S. Constitution. (*See id.*). Schwartz requests an accurate calculation of her FTCs by the Bureau of Prisons ("BOP") and a proper application of those credits towards her sentence. (*See id.*, p. 7). A proper application of these credits towards her sentence, Schwartz argues, would result in her transfer to pre-release custody to a Residential Reentry Center ("RRC") or home confinement ("HC"). (*See id.*, p. 3).

Schwartz provides in her Petition that she first submitted a complaint on April 10, 2025, for informal resolution and received a decision on the same day that her complaint regarding her FTCs could not be resolved at that level. (*See* Doc. 1, p. 2). She next states that she filed a BP-9 request with Warden T. Lillard at FCI Greenville on April 10, 2025. (*See id.*, p. 2). Schwartz states that the request was denied on April 15, 2025. (*See id.*). She states that she submitted a BP-10 request to Regional Administration on April 16, 2025. (*See id.*). She provides that she received a result of an "extension until June 21, 2025" on April 24, 2025. (*See id.*). Schwartz does not provide any additional information regarding the final decision of the BP-10 request or any further appeal of her complaint.

Schwartz has clearly failed to demonstrate that she has exhausted her administrative remedies for this matter. Complete exhaustion is required, and she has not shown that she received a final decision on her BP-10 request or appealed to

the Office of General Counsel. *See Beam*, 2025 WL 1359903, at *1. This Court concludes that requiring complete administrative exhaustion will give the BOP an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Therefore, Schwartz's Petition must be dismissed without prejudice as unexhausted.

## CONCLUSION

For the reasons set forth above, Corissa Schwartz's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  July 17, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
